# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

JAMES McGIBBON AND JAMES McGIBBON, JR., RESPONDENTS, v. WILLIAM SCHLESSINGER AND ADOLPHUS SCHLESSINGER, APPELLANTS.

*A vendor may resell, without notifying the vendee in default, of the time and place of the resale — The resale need not be made at the place of delivery designated in the contract.*

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury.

The action was brought to recover damages occasioned by the refusal of the defendants to receive and pay for eleven bales of hops, purchased by them, to be delivered at Malone.

On February ninth, the plaintiffs notified the defendants that the hops were at the depot at Malone, ready for delivery, and that, if the defendants did not comply with the terms of the contract before February fifteenth, the hops would be sold on their account. Subsequently, the hops were shipped to New York and sold, without notifying the defendants of the time and place of sale. The court, at General Term, said :

" It was not necessary for the plaintiffs to give the defendants notice of the time and place where the property would be sold on defendants' account. Upon the refusal of the defendants to accept, the plaintiffs became the agents of the defendants to sell the property, so that the loss might be as small as possible. Notice of intention to sell, in case the contract is not performed, is all that the law requires. (*Dustan* v. *McAndrew*, 44 N. Y., 72; *Lewis* v. *Greider*, 49 Barb., 606; aff'd, 51 N. Y., 231; *Pollen* v. *Le Roy*, 30 N. Y., 549.)

" Nor was it necessary that the place of sale should be the place

of delivery. (*Lewis* v. *Greider, supra.*) The case of *McEachron* v. *Rundles* (34 Barb., 301), holding a different doctrine, is not sustained by the authority cited (*Sands* v. *Taylor*, 5 Johns. R., 395), and is directly overruled by *Pollen* v. *Le Roy* (30 N. Y., 558), so far as it sustains appellants' views."

*Beman & Brennan*, for the appellants.   *W. P. Cantwell*, for the respondents.

Opinion by BOARDMAN, J.; LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.